**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ELIZABETH M. ACOSTA,
            *Plaintiff-Appellant,*

v.

GARY HILL; JOSEPH KROUSS; ERIC
STAFFORD; RAPHAEL CIMMARUSTI;
ELITE SHOW SERVICES; VLADIMIR
ATABEKIAN; DONALD WILLIAMS;
CITY OF SAN DIEGO,
            *Defendants-Appellees.*

No. 05-56575

D.C. No.
CV-01-01973-LAB

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
July 13, 2007—Pasadena, California

Filed October 17, 2007

Before: Alex Kozinski and Richard C. Tallman,
Circuit Judges, and Brian E. Sandoval,* District Judge.

Opinion by Judge Kozinski

*The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

**COUNSEL**

Meir J. Westreich, Pasadena, California, for the plaintiff-appellant.

Robert J. Walters, Deputy City Attorney; Michael J. Aguirre, City Attorney, City of San Diego, San Diego, California, for defendants-appellees City of San Diego, Gary Hill, Joseph Krouss and Eric Stafford.

Matthew R. Rutherford, Law Offices of Matthew R. Rutherford, Lemon Grove, California, for defendants-appellees Elite Show Services, Vladimir Atabekian and Donald Williams.

## OPINION

KOZINSKI, Circuit Judge:

Bouncers physically removed Acosta from Murphy's Club, a bar in San Diego's Qualcomm Stadium. Stadium security was notified, and two security guards approached Acosta. She refused to show the guards identification or accompany them to the security office. San Diego police officers then intervened. Officer Hill told Acosta that she had been ejected from the stadium. After he told Acosta at least three times that she would be arrested if she didn't leave the stadium, Acosta kicked a security guard and Officer Hill. Officer Hill then placed her in a carotid restraint hold. Acosta became compliant without losing consciousness, and she was handcuffed. Soon, however, the rumbustious Acosta began kicking again, so Officer Hill slammed her to the ground and tied her legs together. She was then taken to the holding area by Officers Krouss and Stafford.

Acosta filed a 42 U.S.C. § 1983 claim against the security guards, police officers and the City of San Diego, alleging various constitutional violations including unconstitutional use of deadly force under the Fourth Amendment. The jury was given an excessive force instruction based on a reasonableness standard—but not a separate deadly force instruction. The jury found for defendants. Acosta appeals, arguing

that the jury should have been given a separate deadly force instruction. We have jurisdiction under 28 U.S.C. § 1291.

**[1]** *Scott* v. *Harris*, 127 S. Ct. 1769 (2007), forecloses Acosta's deadly force argument. *Scott* held that there is no special Fourth Amendment standard for unconstitutional deadly force. *See id.* at 1777-78. Instead, "all that matters is whether [the police officer's] actions were *reasonable*." *Id.* at 1778 (emphasis added). Here, the jury was given an excessive force instruction and found for Officer Hill; it must therefore have determined that the officer acted reasonably. Under *Scott*, that is the end of the inquiry. The district court didn't err by refusing to give a separate deadly force instruction.

**[2]** We had previously held that "[a]n excessive force instruction is not a substitute for a . . . deadly force instruction." *Monroe* v. *City of Phoenix*, 248 F.3d 851, 859 (9th Cir. 2001). We reached this conclusion based on the observation that "the Supreme Court . . . established a special rule concerning deadly force." *Id.* at 860 (quoting *Vera Cruz* v. *City of Escondido*, 139 F.3d 659, 661 (9th Cir. 1997)). *Scott* explicitly contradicts that observation. 127 S. Ct. at 1777-78. *Scott* controls because it is "intervening Supreme Court authority" that is "clearly irreconcilable with our prior circuit authority." *Miller* v. *Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *Monroe*'s holding that an excessive force instruction based on the Fourth Amendment's reasonableness standard is not a substitute for a deadly force instruction is therefore overruled. *See Miller*, 335 F.3d at 900.

Acosta's remaining arguments are addressed in the accompanying memorandum disposition.

**AFFIRMED.**